UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
JOHN SQUIRE,                                          :
                                                      :
                        Plaintiff,                    :    **ORDER GRANTING**
          -against-                                   :    **DEFENDANT'S MOTION FOR**
                                                      :    **JUDGMENT PURSUANT TO**
GAPCO (GUINEA ALUMINUM PRODUCTS                       :    **RULE 12(c), OR IN THE**
CORP.); GUINEA ALUMINUM PRODUCTS                      :    **ALTERNATIVE, PURSUANT TO**
CORPORATION; GLOBAL ALUMINA                           :    **RULE 56, Fed. R. Civ. P.**
INTERNATIONAL, LTD.; GLOBAL ALUMINA                   :
CORPORATION; BHP BILLITON; BHP                        :    07 Civ. 912 (AKH)
BILLITON LTD.; DUBAI ALUMINUM                         :
COMPANY, LTD.; and MUBADALA                           :
DEVELOPMENT COMPANY PJSC,                             :
                                                      :
                        Defendants.                   :
------------------------------------------------------------ x
ALVIN K. HELLERSTEIN, U.S.D.J.:

       This is a breach of contract case. Mr. John Squire ("Plaintiff") and defendant GAPCO agreed that Plaintiff would arrange for an investment bank, IBK Capital Corp. ("IBK") to raise funds for GAPCO's operations through a private placement of GAPCO equity. In return, Defendant agreed to pay Plaintiff a fee of "1.5% of the cash raised by IBK." First Amended Complaint ("FAC"), Ex. 1 (letter agreement dated July 24, 2003). IBK raised cash; GAPCO paid Plaintiff a fee; Plaintiff found the fee insufficient under the agreement. On April 6, 2007, Plaintiff brought this suit in diversity, alleging breach of contract. GAPCO moved for judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P., or in the alternative, for summary judgment pursuant to Rule 56, Fed. R. Civ. P. For the reasons stated below, GAPCO's motion is GRANTED, and this case is dismissed.

## Background

       GAPCO sought to raise funds for its business. In 2003, it contacted Plaintiff John Squire to assist it with its fundraising efforts. Plaintiff subsequently located the IBK investment

1

banking firm in Toronto, Canada, to conduct a private placement.[1]  FAC ¶ 9.  On or about July 24, 2003, Plaintiff and GAPCO entered into a written agreement that provided that Plaintiff would receive a fee of "1.5% of the cash raised by IBK."  FAC, Ex. 1.  IBK arranged for the private placement by sale of units.  Each unit included one share of GAPCO stock, and one-half warrant[2] to purchase an additional GAPCO share for $1.50, expiring on February 3, 2006.  FAC ¶ 12.

In January 2004, IBK raised $50 million by sale of units.  GAPCO paid Plaintiff 1.5% of $50 million, or $750,000.  Over the next two years, warrant-holders exercised their warrants, paying an additional $37.5 million to GAPCO.  FAC ¶ 12.  Plaintiff demanded that GAPCO pay him a fee of 1.5% of the amount GAPCO raised in connection with the exercise of warrants—an additional $562,500—but GAPCO, through its officers Bruce Wrobel and Mike Cella, refused to pay.  FAC ¶¶ 12, 15.

## Discussion

The question is whether "cash raised by IBK" includes the cash GAPCO received when warrant-holders exercised their warrants.  If so, GAPCO breached its contract with Plaintiff.  If not, GAPCO satisfied its obligations, and its motion for judgment should be granted.

The terms of the contract between Plaintiff and GAPCO are not ambiguous.  Plaintiff was entitled to 1.5% of the cash that IBK raised.  To raise the cash, IBK located buyers and sold them units of GAPCO consisting of one share and one-half warrant.  Thus the sale included the warrants, which had their own, separate, value and were part of the consideration

---

[1] A private placement is "selling an entire issue of securities directly to investors, without using the intermediary of underwriting."  Christine Ammer & Dean S. Ammer, DICTIONARY OF BUSINESS AND ECONOMICS 119 (1977).

[2] In this context, a warrant is "a contract by which the corporation gives an irrevocable option to the holder to purchase authorized corporate stock within a period of time at a price and upon terms specified in the contract."  Brass v. American Film Technologies, Inc., 987 F.2d 142, 149 (2d Cir. 1993); see also BLACK'S LAW DICTIONARY 1617 (8th ed. 2004) ("An instrument granting the holder a long-term … option to buy shares at a fixed price.").

for which investors paid the unit price. When holders exercised the warrants, they did so at their option, and because in their estimation, the GAPCO shares were worth more than exercise price. IBK did not cause the warrant-holders to have that estimation, nor did it facilitate the exercise of the warrants. The efforts of IBK to raise cash for GAPCO ended with the closing of the units offer, and thus the cash raised by IBK reached its limit at that point, as well.

The grounds for this judgment appear on the face of the pleadings under Rule 12(c), Fed. R. Civ. P., and are further supported by the evidence adduced by GAPCO, such that no reasonable jury could find a fact in dispute that would preclude summary judgment pursuant to Rule 56, Fed. R. Civ. P; see also Moore v. Sutton Resources, 1998 U.S. Dist. LEXIS 1782 (S.D.N.Y. 1998); Karelitz v. Damson Oil Corp., 820 F.2d 529, 531 (1st Cir. 1987) (Breyer, J.) (applying New York law).

## Conclusion

For the foregoing reasons, GAPCO's motion for judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P., or in the alternative, for summary judgment pursuant to Rule 56, Fed. R. Civ. P., is GRANTED. Because GAPCO is not liable, none of the defendants are liable, and the complaint is dismissed in its entirety as to all defendants. The Clerk shall mark this case as closed.

SO ORDERED.

Dated:   July **30**, 2007
         New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge

3